# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND and LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, on behalf of themselves and others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>NOVARTIS PHARMACEUTICALS CORP., NOVARTIS AG, and NOVARTIS CORPORATION,<br><br>       Defendants. | Civil Action No. 1:15-cv-12732-ADB |

## PURCHASERS' MOTION FOR ORAL ARGUMENT

Purchasers respectfully request that the Court schedule oral argument on the fully-briefed motions to dismiss the complaint.[1]

On July 30, 2015, after the parties' first Rule 16 scheduling conference, the Court entered an order setting a briefing schedule for the motions to dismiss and advising that the Court would, if necessary, schedule a hearing on all motions to dismiss after briefing was completed.[2] On September 17, 2015, the parties finished briefing the motions to dismiss.[3]

On September 29, 2015, end-payer plaintiff Louisiana Health Services and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("LHS") filed a class action complaint

---

[1] ECF Nos. 53, 54, 60, 68, 69, 70, and 72.

[2] ECF No. 55.

[3] Plaintiffs' Sur-Reply in Further Opposition to Defendants' Motions to Dismiss, ECF No. 72 (leave to file granted by ECF No. 71). The parties later each addressed Judge Casper's decision in *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, Civil Action No. 14-md-02503-DJC. *See* ECF Nos. 75, 76 (both dated Sept. 18, 2015).

seeking injunctive relief and damages on behalf of a class of end payers.[4]  Louisiana Health Services has agreed to be bound by the outcome of the motion to dismiss in this case as to LHS's injunctive relief claims.[5]

The Court has now had at least some time to consider the pleadings, and purchasers believe its consideration of the pending motions may be aided by hearing from the parties.  In particular, and in light of Judge Casper's recent decision, it may be useful for the Court to hear argument on defendants' claim that the PTO's decision to permit issuance of the '051 patent means, *ipso facto*, that Novartis's counterclaim against Sun Pharma was not a sham.

It is not true that the "presumption of patent validity" means that any lawsuit to enforce a patent cannot be objectively and subjectively baseless.  As the Federal Circuit has noted, the "presumption" is "a procedural device, not a substantive rule."[6]  In an infringement action, the presumption gives the burden of persuasion to the party who attacks the patent's validity.[7]  But it serves no function in a sham litigation antitrust case, nor could it:  if the "presumption of patent validity" was dispositive, both *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.* ("PRE")[8] and *Walker Process Equip. Inc. v. Food Mach. & Chem. Corp.*[9] – and

---

[4] *Louisiana Health Services and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana v. Novartis Pharmaceuticals Corp.*, 15-cv-13461-ADB, ECF No. 1.

[5] *Id.* at ECF No. 8 (stating parties "agree to be bound by the Court's determination on the pending motions to dismiss in related case Civil Action No. 1:15-cv-12732-ADB (ECF Nos. 53, 60) for the issues presented therein").

[6] *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F. 2d 1144, 1147 n. 2 (Fed. Cir. 1983); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F. 2d 1530, 1534 (Fed. Cir. 1983) (The presumption, like all legal presumptions, is a procedural device, not substantive law."); *see also In re K-Dur Antitrust Litig.*, 686 F.3d 197, 214 (3d Cir. 2012) *cert. granted, judgment vacated sub nom. Merck & Co. v. Louisiana Wholesale Drug Co.*, 133 S. Ct. 2849 (2013) *and cert. granted, judgment vacated sub nom. Upsher-Smith Labs., Inc. v. Louisiana Wholesale Drug Co.*, 133 S. Ct. 2849 (2013) *and reinstatement granted*, No. 10-2077, 2013 WL 5180857 (3d Cir. Sept. 9, 2013) (presumption of validity is intended merely as a procedural device and is not a substantive right of the patent holder).

[7] *In re Etter*, 756 F.2d 852, 858-59 (Fed. Cir. 1985); *Lear, Inc. v. Adkins*, 395 U.S. 653, 670 (1969) (acknowledging that "the Patent Office is often obliged to reach its decision in an ex parte proceeding, without the aid of the arguments which could be advanced by parties interested in proving patent invalidity").

[8] 508 U.S. 49 (1993).

[9] 382 U.S. 172 (1965).

the entire line of cases that has grown from them – would be wrongly decided, since those cases involve challenges to enforcement of "presumptively valid" patents.[10]

The Third Circuit recently addressed the "presumptively valid patent" argument in the context of an antitrust case:

> [W]e take issue with the scope of the patent test's almost unrebuttable presumption of patent validity. This presumption assumes away the question being litigated in the underlying patent suit, enforcing a presumption that the patent holder would have prevailed. We can identify no significant support for such a policy.[11]

Neither the PTO's decision to permit issuance of the '051 patent, nor the absence of a finding of validity in the infringement litigation (as Novartis also claims), substitute for a fact-specific assessment of objective and subjective baselessness in this case.[12] As alleged in the purchasers' complaint, when "presumptively valid" patents are actually tested in litigation, they are held invalid more often than not.[13] As a statistical matter, it is more likely that the '051 patent would have been found invalid or not infringed than upheld.

---

[10] *See* Opposition to Novartis's Motions to Dismiss, ECF No. 68 at 7 n. 36. All eight of the sham litigation cases referenced in that footnote denied defense motions to dismiss, and all involved litigation that challenged "presumptively valid" patents.

[11] *K-Dur*, 686 F.3d at 214. And Judge Young also noted in the *Nexium Antitrust* case, "[T]he presumptive validity accorded to patents upon issuance has been cast in significant doubt by judges and empiricists alike, and although patent holders enjoy broad exclusionary rights, these rights are not limitless, *see, e.g., Standard Oil Co. (Ind.) v. United States*, 283 U.S. 163, 169 (1931) ('The limited monopolies granted to patent owners do not exempt them from the prohibitions of the Sherman Act and supplementary legislation.')." 968 F. Supp. 2d 367, 393 (D. Mass. 2013) (some citations omitted); *see also Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products LLC*, No. 14-c-1466, 2015 WL 1582368, at *7 (E.D. Wis. Apr. 9, 2015) ("[I]mplicit in the Federal Circuit's statement that a finding of sham litigation will be rare in such circumstances is the acknowledgement that it is possible. In other words, the Federal Circuit has not ruled out the possibility that an action to enforce a facially valid patent in the face of a claim of invalidity can constitute sham litigation.")

[12] *In re Wellbutrin SR Antitrust Litig.*, No. 04-cv-5525, 2006 WL 616292, at *11 (E.D. Pa. Mar. 9, 2006), *citing Filmtec Corp. v. Hydranautics*, 67 F. 3d 931, 937 (Fed. Cir. 1995) ("[T]he 'court hearing the antitrust claim must make its own assessment of the objective merits of the predicate suit,' regardless of how the case fared before the previous court.")

[13] Fed. Trade Comm'n, *Generic Drug Entry Prior to Patent Expiration: An FTC Study* 16 (2002), *available at* http:// www.ftc.gov/os/2002/07/genericdrugstudy.pdf (finding in a study of the success rate of paragraph IV challenges to brand-drug validity that "[g]eneric applicants prevailed 73 percent of the time").

To provide the parties and the Court with a fuller opportunity to address the legal and factual issues involved in the complaint and the motions to dismiss, purchasers respectfully request that the Court schedule oral argument on the motions.

October 29, 2015

Respectfully submitted,

**/s/ Thomas M. Sobol**
Thomas M. Sobol (BBO# 471770)
Kristen A. Johnson (BBO# 667261)
Hannah Schwarzschild (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com
hannahs@hbsslaw.com

John Radice (*pro hac vice*)
Kenneth Pickle (*pro hac vice*)
RADICE LAW FIRM
34 Sunset Blvd.
Long Beach, NJ 08008
(646) 245-8502
jradice@radicelawfirm.com
kpickle@radicelawfirm.com

*Attorneys for Plaintiffs, in Their Capacity as Proposed Class Representatives, and the Proposed Class*

Kenneth A. Wexler (*pro hac vice*)
Edward A. Wallace (*pro hac vice* forthcoming)
Bethany R. Turke (*pro hac vice*)
Justin N. Boley (*pro hac vice*)
WEXLER WALLACE
55 West Monroe St., Suite 3300
Chicago, IL 60603
(312) 346-2222
kaw@wexlerwallace.com

eaw@wexlerwallace.com
brt@wexlerwallace.com
jnb@wexlerwallace.com


Jonathan D. Karmel (*pro hac vice* forthcoming)
KARMEL LAW FIRM
221 N. LaSalle Street, Suite 1307
Chicago, IL 60601
T: (312) 641-2910
jon@karmellawfirm.com

*Attorneys for United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund and the Proposed Class*


J. Gerard Stranch, IV (*pro hac vice*)
Joe P. Leniski, Jr. (*pro hac vice*)
BRANSTETTER, STRANCH & JENNINGS PLCC
227 Second Avenue North, Fourth Floor
Nashville, TN 37201-1631
(615) 254-8801
gerards@BSJFirm.com
joeyl@BSJFirm.com

*Attorneys for Laborers Trust Fund for Northern California and the Proposed Class*

**CERTIFICATE OF SERVICE**

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

October 29, 2015                                          **/s/ Thomas M. Sobol**
                                                          Thomas M. Sobol (BBO# 471770)